(No. 12764.—Judgment affirmed.)

THE FARMERS' GRAIN COMPANY OF CHARLOTTE, Appellant, *vs.* MORRIS KANE, Appellee.

*Opinion filed October 27, 1919.*

1. SALES—*section 4 of Uniform Sales act does not amend Statute of Frauds.* Section 4 of the Uniform Sales act does not amend the Statute of Frauds although it relates to a subject which might properly have been included in that statute, and the use of the words "Statute of Frauds" as a sub-head for said section does not make that section purport to be an amendment of the Statute of Frauds.

2. STATUTES—*when an act is not amendatory of previous law.* The character of an act as amendatory or independent legislation must be determined by a comparison of its provisions with those of previous laws, and an act which neither restricts nor enlarges the scope of the previous laws cannot be amendatory.

3. CONSTITUTIONAL LAW—*section 4 of the Uniform Sales law of 1915 is not invalid.* Section 4 of the Uniform Sales law of 1915 (Laws of 1915, p. 606,) is not invalid as an attempted amendment of the Statute of Frauds without compliance with section 13 of article 4 of the constitution.

APPEAL from the Circuit Court of Livingston county; the Hon. GEORGE W. PATTON, Judge, presiding.

BERT W. ADSIT, and B. R. THOMPSON, for appellant.

F. A. ORTMAN, and O'DONNELL, DONOVAN & BRAY, for appellee.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

The Farmers' Grain Company of Charlotte, plaintiff, brought an action of assumpsit against Morris Kane, defendant, for his failure to deliver grain which the plaintiff had bought of him for future delivery. The defendant filed a plea averring that the contract was for the sale of grain of the value of $500 and upwards; that the plaintiff did not accept or receive any part of the grain and no part of it was delivered to it; that it gave nothing in earnest to bind the contract or in part payment, and that no note or memorandum in writing was signed by the defendant or his agent. A demurrer to the plea was overruled, and the plaintiff having elected to stand by its demurrer, judgment was rendered against it, and it appealed.

The plea is founded on section 4 of the Uniform Sales act. (Laws of 1915, p. 606.) The appellant contends that this section violates section 13 of article 4 of the constitution, because it amends the Statute of Frauds without inserting the law amended in the new act. The title of the Uniform Sales act is, "An act to make uniform the law relating to the sale of goods." It consists of seventy-eight sections and covers very fully the law of such sales, including the formalities of the contract, its subject matter, its conditions and warranties, express or implied, and their effect, its interpretation, and the rights and remedies of the parties to it. Section 4, which appears under the caption "Formalities of the contract," is as follows:

"Sec. 4. *Statute of Frauds.*—(1) A contract to sell or a sale of any goods or choses in action of the value of $500 or upwards shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same,

or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf."

Our Statute of Frauds is chapter 59 of the Revised Statutes of 1874. It has been unchanged since its adoption. The Uniform Sales act does not change it. It is applicable to the same cases in the same way as before the passage of that act and applies to no case since the passage to which it did not apply before. Section 4 of the Uniform Sales act applies to no case to which the Statute of Frauds applies, except that if a contract for sale of chattels of the value of $500 or more were of such a character that it could not be performed within a year, it would be subject to the provisions of section 1 of the Statute of Frauds as well as section 4 of the Uniform Sales act. This did not modify in the least the operation of section 1 of the Statute of Frauds. The use of the words "Statute of Frauds" as a sub-head for section 4 does not make that section purport to be an amendment of chapter 59 of the Revised Statutes. Section 4 relates to a subject which might properly have been included in that chapter. The title of the act which constitutes that chapter is "An act to revise the law in relation to frauds and perjuries," but every subsequent act which deals with frauds or perjuries will not, therefore, be regarded as amendatory of it. The act in question purports to be an independent act dealing with the subject of sales of personal property. The character of an act as amendatory or independent legislation must be determined by a comparison of its provisions with those of previous laws. An act which neither restricts nor enlarges the scope of the previous law and does not modify its application cannot be amendatory of the previous law, and that is the case here.

The judgment is affirmed.          *Judgment affirmed.*